KIRK D. MILLER, P.S.
421 W. Riverside Avenue
Suite 660
Spokane, WA  99201
(509)413-1494 Telephone
(509)413-1724 Facsimile

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KERI BRUCE,<br><br>    Plaintiff,<br><br>vs.<br><br>PIONEER CREDIT RECOVERY, INC., a Delaware corporation,<br><br>    Defendant. | Case No.:<br><br>COMPLAINT<br><br>JURY DEMANDED |

## I.   INTRODUCTION

Plaintiff Keri Bruce, by and through her attorney Kirk D. Miller of Kirk D. Miller, P.S., pleads the allegations and claims against Defendant Pioneer Credit Recovery, Inc. for its misrepresentation of and non-compliance with federal student loan rehabilitation law in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*

COMPLAINT - 1

## II. JURISICTION AND VENUE

2.1   Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2.2   Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendants conduct affairs and transact business in this District, the unlawful acts giving rise to this claim occurred in this District, and the Plaintiff resides within the territorial jurisdiction of the Court.

## III. PARTIES

3.1   Plaintiff Keri Bruce is a natural person, a resident of Washington State, and a "consumer" as defined by 15 U.S.C § 1692a(3).

3.2   Defendant Pioneer Credit Recovery is a Delaware corporation engaged in the business of collecting debts in Washington State.

3.3   Pioneer Credit Recovery is a "debt collector," as defined under the FDCPA, 15 U.S.C § 1692a(6).

3.4   Pioneer Credit Recovery is a corporation that regularly uses the mail, telephone, and facsimile, and regularly engages in business with a principal purpose to attempt to collect debts alleged to be due to another.

COMPLAINT - 2

## IV.  FACTUAL ALLEGATIONS

4.1  Plaintiff is a debtor with federal student loans that were placed into default status.

4.2  Plaintiff's federal student loans were "debts" as that term is defined by the FDCPA.

4.3  The loans were assigned to Defendant Pioneer for collection purposes.

4.4  Under 34 CFR §34.5, prior to initiating wage garnishment of student loans, Pioneer is required to send a notice of proposed garnishment. The notice must include an explanation of the debtor's rights, including, but not limited to, those rights found at 34 CFR §34.6. Those rights include the right to inspect and copy records related to the debt, to enter into a written repayment agreement to repay the debt, and to demand a hearing in accordance with 34 C.F.R 34.8 related to the debt.

4.5  Prior to initiating wage withholding to collect on delinquent student loan payments, Pioneer sent a letter to Plaintiff titled "Administrative Wage Garnishment Proceedings Notice". The letter is attached hereto as **Exhibit A** and is referred to hereafter as Letter A.

4.6  In Letter A, Pioneer fails to provide the notice of rights under 34 CFR§34.6, as required by 34 CFR §34.5.

COMPLAINT - 3

4.7 In the alternative, if the "Administrative Wage Garnishment Proceedings Notice" is not the final notice provided to consumers prior to initiating wage garnishment, it falsely and deceptively implies that it is in order to create a false sense of urgency.

4.8 In describing the wage garnishment process, Letter A states:

> This may be your last opportunity to make satisfactory payment arrangements on your student loan(s). If these arrangements are not made, we will begin or continue the process of verifying your employment for Administrative Wage Garnishment…

4.9 Letter A does not disclose to Plaintiff that they can in fact have at least two other methods to avoid a garnishment: request a loan rehabilitation, object to the existence, amount, or current enforceability of a debt, or file for bankruptcy and discharge the debt with an undue hardship exemption.

4.10 Contrary to the statement in Letter A, federal law allows Plaintiff to avoid a wage garnishment by submitting a request for a loan rehabilitation. Pending the evaluation of the loan rehabilitation, or during the pendency of the loan rehabilitation, Pioneer is prohibited from initiating a wage garnishment.

COMPLAINT - 4

4.11 Further, contrary to the statement in Letter A, federal law allows Plaintiff to avoid a wage garnishment by objecting to the existence, amount, or current enforceability of the debt.

4.12 Further, contrary to the statement in Letter A, federal law allows Plaintiff to avoid a wage garnishment by filing a bankruptcy proceeding and seeking to discharge the debt with an undue hardship exemption.

4.13 The debt that Defendant sought to collect from Plaintiff was originally incurred for personal, family, or household purposes.

## V. STATUTE OF LIMITATIONS

5.1 The FDCPA generally has a one-year statute of limitations. 15 U.S.C. § 1692k(d).

5.2 Pioneer sent Letter A to Plaintiff on or about September 11, 2016.

5.3 On June 27, 2016, Defendant Pioneer was sued in a nation-wide class action for the same conduct complained of herein. *Biber v. Pioneer Credit Recovery, Inc.* case # 1:16-cv-00804-TSE-IDD (EDVA).

5.4 Plaintiff was a member of the *Biber* class who opted-out in November 2017.

5.5 Under *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 94 S. Ct. 756, 38 L. Ed. 2d 713 (1974), Plaintiff's claims herein were tolled until she opted out of the *Biber* class settlement.

COMPLAINT - 5

5.6    Plaintiff filed her individual claim within one year of the date she opted out of the *Biber* class action.

5.7    Plaintiff's claim is therefore timely filed within the FDCPA statute of limitations.

## VI.    FIRST CAUSE OF ACTION
Violations of the Fair Debt Collection Practices Act
15 U.S.C §1692 *et seq.*

6.1    Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

6.2    Pioneer violated the FDCPA by falsely representing that it was going to perform an Administrative Wage Garnishment, without first providing the notices required by 34 CFR § 34.5 and 34.6. In the alternative, Pioneer falsely implied that the Administrative Wage Garnishment Proceedings Notice was the Notice of Proposed Garnishment required under 34 CFR §34.5. Pioneer's violations include, but are not limited to, the following:

A.    It falsely represented it had the authority to garnish wages at the time of the letter, if payments were not made at that time, in violation of 15 § 1692e, 1692e(4), 1692e(5), and 1692e(10).

COMPLAINT - 6

      B.    It falsely represented the character, amount or legal status of the debts, in violation of 15 U.S.C. § 1692e, 1692e(2)(A), and §1692e(10).

6.3    Pioneer further violated the FDCPA by falsely representing Plaintiff can avoid a wage garnishment by entering into a repayment agreement, without further disclosing that Plaintiff could also avoid a wage garnishment by submitting a loan rehabilitation application. Pioneer's violations include, but are not limited to, the following:

      A.    It falsely represented that a wage garnishment could only be stopped by paying the loan in full or entering into a written agreement with Pioneer, in violation of 15 U.S.C. §§ 1692e and 1692e(10)

      B.    It falsely represented the character, amount or legal status of the debts in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10).

6.4    Pioneer further violated the FDCPA by falsely representing Plaintiff can avoid a wage garnishment by entering into a repayment agreement, without further disclosing that Plaintiff could also avoid a wage garnishment by filing for bankruptcy and seeking to discharge the debt

COMPLAINT - 7

with an undue hardship exemption. Pioneer's violations include, but are not limited to, the following:

    A.    It falsely represented that a wage garnishment could only be stopped by paying the loan in full or entering into a written agreement with Pioneer, in violation of 15 U.S.C §§ 1692e and 1692e(10).

    B.    It falsely represented the character, amount, or legal status of the debts, in violation of 15 U.S.C §§ 1692e, 1692e(2)(A), and 1692e(10).

6.5    Under 15 U.S.C. § 1692k, Pioneer is liable to the Plaintiff to whom it sent the letter.

6.6    By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated §1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorney's fees.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

7.1    Awarding Plaintiff statutory damages;

7.2    Awarding Plaintiff actual damages;

7.3    Awarding Plaintiff's costs of this Action, including reasonable attorney's fees and costs; and

COMPLAINT - 8

7.4　Awarding Plaintiff such other and further relief as the Court may deem just and proper.

DATED this 23rd day of January, 2018.

*Kirk D. Miller P.S.*

/s Kirk D. Miller
Kirk D. Miller, WSBA #40025
Attorney for Plaintiff

COMPLAINT - 9